IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CITY OF BETHANY, OKLAHOMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1005-D |
| | ) | |
| ROCKWELL AUTOMATION, INC. and | ) | |
| GULFSTREAM AEROSPACE CORP., | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court is Plaintiff City of Bethany's Partial Motion to Dismiss Defendants' Counterclaims [Doc. No. 30], filed pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff seeks a dismissal of counterclaims asserted by Defendants Rockwell Automation, Inc. and Gulfstream Aerospace Corp. under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, and the common law doctrine of unjust enrichment. Defendants have timely opposed the Motion, which is fully briefed.[2]

## **Factual and Procedural Background**

This case concerns the alleged contamination of soil and groundwater, and a threat to Plaintiff's public water supply wells, caused by aircraft manufacturing operations

---

[1] Although no rule is cited in the Motion, Plaintiff relies on Rule 12(b)(6) in its supporting Memorandum [Doc. No. 30-1].

[2] In addition to Plaintiff's opening brief [Doc. No. 30-1], the Court has considered Defendants' response brief [Doc. No. 33] and Plaintiff's reply brief [Doc. No. 35].

conducted by Defendants' predecessors on land adjacent to Wiley Post Airport owned by the Oklahoma City Airport Trust ("OCAT"). The contamination is the subject of investigative and remedial work undertaken by OCAT and Defendants under supervision of the Oklahoma Department of Environmental Quality ("DEQ") pursuant to a Memorandum of Agreement and Consent Order entered in October 2009 and amended in July 2013, and further amended after this case was filed (the "Consent Order"). The investigation shows a migration of toxic substances toward one of the wellfields that Plaintiff uses to supply water for residents, and Defendants and OCAT have now agreed to do remedial work to minimize further migration.

Plaintiff filed this action in August 2016 to recover compensatory and punitive damages under various state law theories, including common law torts and statutes that protect municipal water supplies. *See* Okla. Stat. tit. 11, §§ 37-115 & 37-116. Plaintiff alleged it had incurred numerous costs associated with responding to the contamination and higher operating costs of its water system. Plaintiff also asserted a claim under the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6901-6981, to abate an "imminent and substantial endangerment to health or the environment," *id*. § 6972(a)(1)(B), and to obtain injunctive relief compelling Defendants to comply with RCRA "by removing toxic chemicals . . . from soil and groundwater." *See* Compl. [Doc. No. 1] at 25 (Prayer for Relief, ¶ b).

In response, Defendants moved to dismiss the RCRA claim, answered the Complaint, and asserted four counterclaims. Defendants bring two counterclaims under CERCLA to obtain declaratory relief and to recover certain costs: Count I, seeks cost

recovery under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for responding to an alleged release of hazardous substances into the groundwater from Plaintiff's sewer line; and Count II, seeks contribution under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), for Plaintiff's share of costs incurred by Defendants in DEQ's cleanup program. Defendants also bring two counterclaims under state law: Count III, for injunctive relief to abate a public nuisance allegedly created by Plaintiff's contamination of the groundwater; and Count IV, to recover for unjust enrichment allegedly arising from Defendants' remediation of Plaintiff's contamination. Plaintiff moves to dismiss only Defendants' first and fourth counterclaims as legally insufficient.

**Standard of Decision**

"To survive a motion to dismiss [under Rule 12(b)(6)], a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Robbins v. Oklahoma*, 519 F. 3d 1242, 1247 (10th Cir. 2008). "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**Plaintiff's Motion**

Plaintiff does not question the sufficiency of Defendants' factual allegations but challenges the legal basis of the counterclaims. Defendants' § 107(a) CERCLA counterclaim alleges that Plaintiff is a responsible party who is jointly and severally liable for costs incurred in remediating the groundwater contamination. Plaintiff asserts that

this claim fails as a matter of law because Defendants have already agreed to resolve their liability as a responsible party or potentially responsible party, and thus are limited under CERCLA to a contribution claim for costs in excess of their equitable share. Plaintiff contends Defendants cannot pursue both a cost-recovery claim and a contribution claim.

Plaintiff asserts that Defendants' unjust enrichment counterclaim fails as a matter of law because Defendants admit they are liable for some of the contamination and thus they do not have "clean hands," referring to the equitable doctrine. *See* Pl.'s Partial Mot. Dismiss [Doc. No. 30] at 2; Pl.'s Mem Supp. [Doc. No. 30-1] at 8-9. Further, Plaintiff contends Defendants cannot bring an unjust enrichment claim because they have an adequate remedy at law.

## Discussion

### A.     CERCLA Cost-Recovery Counterclaim

Plaintiff's argument that Defendants are barred from bringing a cost-recovery CERCLA claim is based on the statutory scheme, congressional purpose, and case law interpreting the statute. Section 107(a) authorizes a party who voluntarily undertakes a cleanup for which it may be held liable (a potentially responsible party or PRP) to pursue an action for recovery of response costs against another PRP. *See United States v. Atl. Research Corp.*, 551 U.S. 128, 131 (2007). Section 113(f) authorizes a party who is liable or potentially liable under § 107(a), or who has resolved its liability in an administrative or judicially approved settlement, to bring a claim for contribution against other PRP's for their share of the liability. A question left open by the Supreme Court's decision in *Atlantic Research* is whether a PRP may bring a cost-recovery action under § 107(a) for

costs incurred under a consent order. Federal appellate courts considering the question have held that only a contribution claim under § 113(f) is available. The Tenth Circuit has not addressed the issue. Plaintiffs urges the Court to follow the weight of authority and to dismiss Defendants' § 107(a) claim.

While not conceding that the Tenth Circuit would join other courts, Defendants do not challenge Plaintiff's legal position but, instead, seek to distinguish their § 107(a) action. Defendants contend they may pursue a claim under § 107(a) for costs incurred voluntarily, before they entered into any agreement with DEQ or began work under the Consent Order. The flaw in Defendants' argument is that it ignores the factual allegations of their pleading.

Defendants claim that Plaintiff is responsible for a particular plume of chemical substances that escaped from a break in Plaintiff's sewer line and caused groundwater contamination, and has migrated across OCAT's property toward Plaintiff's wellfield. Defendants deny these chemicals were used in manufacturing operations on OCAT's property. *See* Answer & Countercl. [Doc. No. 25], ¶¶ 41, 49. Defendants allege the sewer-based contamination was identified in 2013 during a comprehensive investigation conducted after they became parties to the original Consent Order between OCAT and DEQ. *Id.* ¶¶ 37-44. Defendants' remedial work to protect Plaintiff's wellfield from contamination began in 2016 pursuant to the Consent Order. *Id.* ¶ 51. The relief sought by Defendants on their § 107(a) counterclaim includes damages for oversight costs paid to DEQ under the Consent Order and future response costs incurred in continued investigative and remedial work allegedly related to Plaintiff's sewer, and a declaratory judgment regarding future costs. *Id.* ¶¶ 72-75.

Thus, contrary to Defendants' argument, their § 107(a) counterclaim is not based on voluntary work undertaken before they became parties to the Consent Order, and does not seek relief limited to those prior response costs. Accordingly, even under Defendants' view, their cost-recovery counterclaim as currently pled is barred by CERCLA and must be dismissed. To the extent Defendants could state a § 107(a) counterclaim based on work outside the scope of the Consent Order, the dismissal should be without prejudice to a future amendment within the deadline to be set by the scheduling order that will be entered in this case.

**B.     Unjust Enrichment Counterclaim**

Plaintiff's arguments for dismissal of Defendants' common law claim of unjust enrichment are based on the doctrine of unclean hands and the equitable nature of the claim. Plaintiff first asserts that Defendants admit their culpability for the alleged contamination in their Answer. Defendants respond, correctly, that Plaintiff overlooks the factual allegations on which their counterclaims are based; they deny any responsibility for the chemicals allegedly released from Plaintiff's sewer. In any event, the Court agrees that Plaintiff's defense of unclean hands cannot be resolved as a matter of law on Defendants' pleading. As to Plaintiff's additional assertion that the availability of a legal remedy precludes an equitable claim, Defendants are correct that the Federal Rules of Civil Procedure allow alternative statements of a claim, even if they are inconsistent. *See* Fed. R. Civ. P. 8(d)(2)-(3). Therefore, the Court finds that Plaintiff is not entitled to dismissal of Defendants' unjust enrichment counterclaim.

**Conclusion**

For these reasons, the Court finds that Defendants' pleading fails to state a plausible counterclaim for cost-recovery under § 107(a) of CERCLA but that it states a counterclaim for unjust enrichment.

IT IS THEREFORE ORDERED that Plaintiff City of Bethany's Partial Motion to Dismiss Defendants' Counterclaims [Doc. No. 30] is GRANTED in part and DENIED in part, as set forth herein. Count I of Defendants' Counterclaims is DISMISSED without prejudice.

IT IS SO ORDERED this 1st day of September, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE